JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REAL PROPERTY LOCATED IN RIVERSIDE, CALIFORNIA,<br><br>Defendant.<br><br>FANG ZENG,<br><br>Titleholder. | NO. EDCV 17-1034-MWF (RAOx)<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

Plaintiff and potential claimants Fang Zeng and Sal S. Ruiz, Trustee of the Sarsons, Inc. profit sharing plan ("potential claimants") have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS ADJUDGES AND DECREES**:

1. The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. Potential claimants have not filed claims in this case or answered the complaint. However, potential claimants would have filed claims and answers in this case absent this agreement. No other statements of interest or answers have been filed, and the time for filing such statements of interest and answers has expired. This Court has jurisdiction over the parties to this judgment and the defendant property. Any potential claimants to the defendant property other than Fang Zeng and Sal S. Ruiz, Trustee of the Sarsons, Inc. profit sharing plan are deemed to have admitted the allegations of the complaint with respect to the defendant property.

2. The United States of America shall have judgment as to the defendant property, and, other than those interests recognized herein, no other person or entity shall have any

right, title or interest therein. The legal description of the defendant property, which property has Assessor Parcel Number 253-221-008, is more fully described as follows:

> Parcel 1: A condominium comprised of the following:
>
> (a) A separate interest in Condominium Unit #8 as shown on Condominium Plat ("Plan") recorded on July 23, 2014, as instrument No. 2014-0273191, of the Riverside County Official Records, and as further described in the Master Declaration of Covenants, Conditions and Restrictions for the Rocky Point Terrace recorded on July 23, 2014, as instrument No. 2014-0273192 of the Riverside County Official Records ("Declaration"), and (b) An undivided one-seventh (1/7th) tenancy-in-common interest in the Phase 2 Common Area as described in the Plan and Declaration.
>
> Parcel 2: The exclusive right to use the appurtenant Exclusive Use Areas set aside and allocated for the exclusive use of the Owner of the Condominium described as Parcel 1, above, as described in the Declaration and as shown on the Plan.
>
> Parcel 3: Non-exclusive rights and easements in the Association Property as described in the Declaration.

3. The United States is hereby authorized to remove any occupants and/or personal property remaining on the defendant property thirty days after the giving of written notice to any occupants of the defendant property without further order of this Court. The United States shall thereafter sell the property. The proceeds of the sale shall be distributed in the following priority, to the extent proceeds are available:

    a. To the United States for its costs and expenses of the sale;

    b. To the Riverside County Assessor and Tax Collector of all unpaid real property taxes

assessed against the defendant property to the date of entry of the Judgment of Forfeiture;

c. To Sal R. Ruiz, Trustee of the Sarsons, Inc. profit sharing plan as follows:

　　i. All unpaid principal and interest due under the Note which is secured by the Deed of Trust recorded as Instrument No. 2017-0017823 against the defendant property identifying Sal Ruiz, Trustee of the Sarsons, Inc. Profit Sharing Plan as beneficiary, as of the date of the closing with respect to Plaintiff's sale of the defendant property; and

　　ii. All other fees, costs and advances as provided under the terms of the Note and Deed of Trust, as of the date of the closing with respect to Plaintiff's sale of the defendant property. These fees, costs and advances include, but are not limited to, fees, advances or costs for property taxes, insurance (including for hazard insurance), reasonable attorney fees and costs and fees and costs incurred in protecting Sal S. Ruiz's security interest; and

d. The balance shall be paid and forfeited to the United States of America, and such funds shall be

disposed of according to law.

4. Potential claimants have agreed to release the United States of America, its agencies, agents, and officers, including employees and agents of the Federal Bureau of Investigation, from any and all claims, actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorneys' fees, costs or interest which may be asserted on behalf of potential claimants against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise. Potential claimants have also waived any rights they may have to seek remission or mitigation of the forfeiture. Nothing in this Consent Judgment is intended as, nor should anything in this Consent Judgment be interpreted as an admission by potential claimants of any liability or wrongdoing.

//

5. The court finds that there was reasonable cause for the institution of these proceedings pursuant to 28 U.S.C. § 2465. This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

DATED: August 31, 2017

THE HONORABLE MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Prepared by:

SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/ Jonathan Galatzan
JONATHAN GALATZAN
Assistant United States Attorney
Asset Forfeiture Section

Attorney for Plaintiff
United States of America